[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11241
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cv-61720-RNS

ELVIS MUELLER CRISTY,

                                        Plaintiff – Appellant,

versus

MSC MEDITERRANEAN SHIPPING COMPANY SA.,
MSC CRUISES (USA), INC.,
MSC CROCIERE, S.A.

                                        Defendants – Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 26, 2014)

Before TJOFLAT, JORDAN, and COX, Circuit Judges.

PER CURIAM:

This case arises out of a number of injuries that Plaintiff, Elvis Cristy, allegedly suffered while employed by Defendants, MSC Mediterranean Shipping Company SA., MSC Cruises (USA), Inc., and MSC Crociere, S.A.  The district court granted Defendants' motion to compel arbitration, and Plaintiff appealed.

The Plaintiff presents two issues on appeal.  First, Plaintiff contends that the arbitration agreement is void as against public policy.  Second, Plaintiff contends that, in holding that Plaintiff may not raise a public policy defense at the motion to compel arbitration stage, the district court failed to follow *Thomas v. Carnival Corp.*, 573 F.3d 1113 (11th Cir. 2009), and, in so doing, failed to follow the prior precedent rule.

The district court properly rejected Plaintiff's argument that the agreement is void as against public policy, holding, in a well-reasoned opinion, that "the litigant must assert the defense *after* the arbitration has concluded." (Dist. Court Order, Doc. 23 at 3).

In reaching this holding, the district court properly rejected the Plaintiff's second contention—that the district court should have followed *Thomas*.  As the district court properly recognized, (Dist. Court Order at 3), *Thomas* is inconsistent with our previous decision in *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005).

2

For the foregoing reasons, the district court's order compelling arbitration is affirmed.

**AFFIRMED**